# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

KELLY E. RICHMOND, et al.,

        Plaintiffs,

v.                                     CIVIL ACTION NO. 5:10-cv-01247

EDWARD F. DOLPHIN, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Kelly and Joseph Richmond, residents of Summers County, West Virginia bring this civil action against Summers County Sheriff Edward F. Dolphin, Chief Deputy Sheriff James Chellis and Deputy Sheriff Thomas Cochran, for the alleged wrongful arrest and confinement of Kelly Richmond in October of 2009. Plaintiffs assert various claims pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and also allege state tort law theories. Defendants move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Defendants' Motion to Dismiss ("Defs.' Mot.") (Document No. 8).

For the reasons that follows, the Court denies the motion.

*I.*

On October 26, 2009, Kelly Richmond was arrested by the Defendants in Summers County, West Virginia, and transported to the Southern Regional Jail in Raleigh County, West Virginia. Complaint (Document 1), ¶ 8. Plaintiffs allege that at the time of Kelly Richmond's arrest Defendants did not have a valid and existing warrant or citation charging her with a crime that would

justify an arrest and confinement. *Id.* ¶¶ 8-10. The following day, Defendants tendered a criminal complaint to a Summers County Magistrate Judge to obtain a warrant charging Kelly Richmond with brandishing a deadly weapon and disorderly conduct. *Id.* ¶¶ 11, 13. Plaintiffs allege that Defendants Dolphin, Chellis or Cochran proffered a written summary which they knew contained facts insufficient to justify charging Kelly Richmond with these crimes. *Id.* at ¶13. Plaintiffs also allege that Defendants knew or should have known that a .177 caliber pellet rifle was not classified as a firearm or other deadly weapon, as contemplated by West Virginia law. *Id.* Upon review of the criminal complaint, the Magistrate determined that no probable cause existed for issuance of a warrant. *Id.* ¶¶ 11, 13. Kelly Richmond was released from her overnight incarceration in the Southern Regional Jail on October 27, 2009. *Id.* ¶ 12.

On October 22, 2010, Plaintiffs initiated this case asserting claims of constitutional violations pursuant to 42 U.S.C. §§ 1983, 1985, 1988 by alleging that Defendants "willfully, intentionally, and/or maliciously, without consent of the Plaintiffs or a magistrate, physically touch[ed], confine[d], and/or arrest[ed] Plaintiff." *Id.* ¶ 8. Plaintiffs allege the Defendants individually, and in concert with each other, caused Kelly Richmond to be arrested and incarcerated overnight without any valid criminal charges against her and deprived her of her right to liberty and freedom. *Id.* ¶ 17. Plaintiffs allege that Joseph Richmond "suffered a loss as the husband of Plaintiff, Kelly E. Richmond, given that his wife was wrongfully arrested and confined in jail[.]" *Id.* Plaintiffs also assert claims for (1) malicious prosecution, (2) false arrest and false imprisonment, (3) battery, (4) outrageous conduct, (5) loss of consortium and (6) punitive damages. *Id.* ¶¶ 18-29. Kelly Richmond alleges she suffered humiliation, embarrassment, degradation, fear, pain and severe emotional

distress. *Id*. ¶ 15. As a result, Plaintiffs request compensatory damages and attorney's fees and costs in addition to punitive damages. *Id*. at 6-7.

Defendants move for dismissal of Plaintiffs' complaint by contending that they are entitled to qualified immunity. Plaintiffs timely opposed the motion. Plaintiffs' Response in Opposition to the Defendants' Motion to Dismiss (Document 11). To date, Defendants have not filed a reply. The matter is now ripe for this Court's consideration.

*II*.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id.* Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the Untied States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint [or counterclaim] must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. — , —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the

3

[opposing party] is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id*. Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint [or counterclaim] states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]"– "that the pleader is entitled to relief." *Id*. (quoting Fed.R.Civ.P. 8(a)(2)).

*III*.

Defendants attack Plaintiffs' complaint by asserting that they are entitled to qualified immunity. "Qualified immunity shields government officials performing discretionary functions from personal capacity liability for civil damages under [Section] 1983, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (quoting *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). When evaluating a claim of qualified immunity, the Supreme Court has held that a court must engage in

a two-step process to "first determine 'whether a constitutional right would have been violated on the facts alleged; [and] second . . . whether the right was clearly established.'" *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). The Supreme Court recently provided courts with the flexibility to consider these steps in any order. *Pearson*, 555 U.S. at 236 ("The judges of the district courts . . . should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.") The Fourth Circuit has instructed that

> [i]n determining whether the right violated was clearly established, we define the right in light of the specific context of the case, not as a broad general proposition. If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit.

*McKinney v. Richland Cnty. Sheriff's Dep't*, 431 F.3d 415, 417–18 (4th Cir. 2005) (internal quotation marks and citations omitted). "In undertaking this case-by-case determination, courts ask 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Swagler v. Neighoff*, 398 F. App'x. 872, 877 (4th Cir. 2010) (quoting *Saucier*, 533 U.S. at 200–01) (unpublished). Further, "[t]his inquiry is an objective one; '[s]ubjective factors involving the officer's motives, intent, or propensities are not relevant.'" *Id.* at 878 (quoting *Smith v. Reddy*, 101 F.3d 351, 357 (4th Cir.1996).

Defendants argue that they are protected from Plaintiffs' federal constitutional claims by the doctrine of qualified immunity because Plaintiffs failed to plead any facts showing that they (1) violated any clearly established law that infringed upon her constitutional rights, either at the time

5

of her arrest and/or at the time the criminal complaint was filed against her, which a reasonable officer would have known was impermissible, (2) did not reasonably believe that the pellet gun in her possession was not a deadly weapon and (3) knowingly and intentionally violated the law by filing the disorderly conduct charge against Kelly Richmond. Defendants' Memorandum in Support of Motion to Dismiss ("Defs.' Memo.") (Document No. 9 at 5-6.)   Defendants argue that it is irrelevant whether or not a magistrate judge agreed with Defendants with respect to the charged offenses.  *Id*. at 6.  Defendants assert that if the Court finds that they are entitled to qualified immunity, all of Plaintiffs' legal claims should be dismissed for a failure to state a claim upon which relief could be granted.  *Id*.

Plaintiffs claim that Defendants violated Kelly Richmond's Fourth Amendment rights by arresting her without a warrant or probable cause and causing her to be incarcerated without prompt presentment before a magistrate judge.  Plaintiffs' Memorandum of Law in Opposition to the Defendants' Motion to Dismiss ("Pls.' Memo.") (Document No. 12) at 5 .)  The Fourth Amendment states, in relevant part, that "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."  U.S. Const. Amend. IV.  The Fourth Circuit has held that "the Fourth Amendment right to be arrested only on probable cause is clearly established." *See Smith v. Reddy*, 101 F.3d 351, 356 (4th Cir.1996). A determination of whether probable cause exists in a given circumstance concerns the arrestee's conduct and the offense the officers thought were committed.  *Id*.  To succeed on the constitutional claims, Plaintiffs must show that no reasonable officer could believe, in light of the offense at issue, that probable cause existed to arrest Kelly Richmond. Defendants contend that Kelly Richmond was arrested for disorderly conduct and possession of a firearm or other deadly

6

weapon, as set forth in West Virginia Code § 61-7-11.[1] Plaintiffs allege that Kelly Richmond was "seized" on October 26, 2009, and that the arrest was not pursuant to a warrant. Plaintiffs have also alleged that no such warrant was ever issued against Kelly Richmond in relation to her arrest for either of the charges of disorderly conduct or possession of a firearm. West Virginia officers may only arrest an individual for committing a misdemeanor when the offending conduct is committed in their presence. *State v. Forsythe*, 194 W. Va. 496, 498-99 (1995). Although Plaintiffs concede that a .177 caliber pellet rifle was present during Ms. Richmond's arrest, they have alleged that her arrest was without probable cause. This allegation includes the assertion that Kelly Richmond's arrest for disorderly conduct was without probable cause as well. Defendants argue that they "perceived the pellet gun was a deadly weapon by law." For purposes of this analysis, Defendants' subjective belief is not relevant. Moreover, a fact determinative analysis on that point is not required at this stage in the litigation. Plaintiffs have also asserted that Ms. Richmond was held overnight without being charged with criminal conduct promptly. She argues in her opposition to Defendants motion that although she was arrested in the afternoon of October 26, 2007, a criminal complaint was not taken to a magistrate judge until the next day. The Court finds that a reasonable officer knew or would have known that such conduct was unlawful. Taking Plaintiffs' factual allegations as true, the Court finds that Plaintiffs adequately allege sufficient facts to state a claim of relief, for a violation of the Fourth Amendment, that is plausible on its face. This Court is mindful that the Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible

---

[1] It shall be unlawful for any person armed with a firearm or other deadly weapon, whether licensed to carry the same or not, to carry, brandish or use such weapon in a way or manner to cause, or threaten, a breach of the peace. Any person violating this section shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than fifty nor more than one thousand dollars, or shall be confined in the county jail not less than ninety days nor more than one year, or both.

stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Here, Defendants have failed to demonstrate entitlement to qualified immunity. Such a determination is perhaps premature, in this instance, without the development of the record.

*IV*.

The Court has considered Defendants' motion, the memorandum in support thereof and Plaintiffs' opposition thereto, and the entire record herein. For the reasons stated above, the Court finds that Plaintiffs have adequately asserted sufficient factual allegations to survive Defendants' motion to dismiss. Therefore, the Court does hereby **ORDER** that Defendants' Motion to Dismiss (Document 8) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

          ENTER:      September 23, 2011

          IRENE C. BERGER
          UNITED STATES DISTRICT JUDGE
          SOUTHERN DISTRICT OF WEST VIRGINIA